# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WILLIAM PETERSON,<br>#152897,<br><br>Petitioner,<br><br>v.<br><br>COLIE RUSHTON, Warden,<br>M.C.C.I.,<br><br>Respondent. | CIVIL ACTION NO. 0:07-1640-HMH-BM<br><br>**REPORT AND RECOMMENDATION** |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on June 8, 2007.[1] The Respondent filed a return and motion for summary judgment on September 19, 2007. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on September 20, 2007, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

Petitioner thereafter filed a document styled as an "opposition" to the motion for summary judgment on October 10, 2007. However, that document did not actually address any of Petitioner's claims or the Respondent's motion. Rather, Petitioner simply stated that the Respondent should be held in default for allegedly having failed to timely respond to his Petition. Since this response did not address any of the issues raised in the motion for summary judgment, and in light of Petitioner's pro se status, the Court allowed Petitioner an additional thirty (30) days in which to supplement his response and address the defenses presented. See Order filed on April 7, 2008.

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).



Despite this extension of time, however, Petitioner did not file a response.

On May 12, 2008, the Court entered an order advising the Petitioner that if he failed to respond to Respondent's motion within ten (10) days, his case would be recommended for dismissal for failure to prosecute. Petitioner thereafter filed a memorandum in opposition to Respondent's motion for summary judgment on May 19, 2008. This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in October 1997 in Sumter County for Burglary in the First Degree and Assault with Intent to Commit Criminal Sexual Conduct in the First Degree. [Indictment No. 97-GS-43-583]. (R.p. 210). Petitioner was represented by Joseph D. Spigner, Esquire, and was tried by a jury on October 21, 1997. (R.pp. 1-121). At the conclusion of the trial, Petitioner was found guilty of Burglary in the First Degree and not guilty of the assault charge. (R.p. 114). Petitioner was sentenced to confinement for life without parole as a repeat violent offender [3], as well as to six (6) consecutive months for contempt of court.[4]  (R.pp. 119-120).

Petitioner filed a timely notice of appeal. See Respondent's Exhibit 3. In his direct appeal, Petitioner was represented by Aileen P. Clare of the South Carolina Office of Appellate Defense, who raised the following issue:

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3] Petitioner was previously convicted in 1983 of Burglary and Assault with Intent to Commit Criminal Sexual Conduct. See (R.pp. 117, 208, 215, 217-238).

[4] After being sentenced, Petitioner threw a microphone toward the judge's bench. (R.pp. 119-120). Petitioner does not challenge the contempt citation or sentence.

2



> Did the trial court err in denying appellant's motion for a directed verdict of not guilty of first-degree burglary, when the State offered no evidence of intent to commit a crime after entry other than evidence of a crime of which appellant was acquitted?

(R.p. 125).

On May 24, 1999, the South Carolina Court of Appeals denied the appeal; (R.pp. 146-148); State v. Peterson, Op. No. 3000 (S.C.Ct.App. filed May 24, 1999); and Respondent represents (and the Petitioner has not disputed) that the Remittitur was sent down on June 11, 1999.[5]

Petitioner thereafter apparently filed an application for post conviction relief (APCR) on June 1, 1998. This APCR was subsequently withdrawn and dismissed by written order filed on July 16, 1999, and Petitioner did not appeal.[6] See Memorandum in Support of Motion for Summary Judgment, p. 2; see also (R.pp. 186, 193).

On August 26, 2002, Petitioner filed a second APCR in state circuit court; Peterson v. State of South Carolina, 02-CP-43-974. (R.pp. 149-161); in which he raised the following issues:

1. Ineffective assistance of counsel;

2. Subject matter jurisdiction.

(R.pp. 150, 154).

Petitioner was represented in this APCR by Charles T. Brooks, III, Esquire, and an evidentiary hearing was held on February 14, 2003. (R.pp. 168-177). On April 1, 2003, the PCR judge granted the State's motion to dismiss based upon the statute of limitations as to all claims except Petitioner's claim regarding subject matter jurisdiction, with the subject matter jurisdiction claim being dismissed

---

[5] A copy of the Remittitur does not appear to be in the record filed with the Court.

[6] Respondent represents to the Court that he has attempted to locate this application and order, but that they are not contained in Respondent's files nor in the file of the Clerk's office for Sumter County. However, they are mentioned in the Order dismissing Petitioner's second PCR application. (R.p. 201).

3



on the merits. (R.pp. 200-204); see also (R.p. 176).

Petitioner filed a late appeal, which the South Carolina Supreme Court dismissed as untimely on October 22, 2003. (R.p. 179). The Remittitur was issued on November 10, 2003. (R.p. 178).

Petitioner then filed a third APCR on October 30, 2003. Peterson v. State, 03-CP-43-1352; (R.pp. 180-184). In this document, Petitioner raised the following claim:

    1. Ineffective assistance of PCR counsel under Austin v. State (citations omitted).

(R.p. 181).[7]

After a hearing on October 4, 2004; (R.pp. 191-199); the PCR judge issued an order granting petitioner a belated appeal from the Order dismissing his Second APCR. However, the court held that the only issue remaining for appeal was whether the dismissal of petitioner's second APCR on the basis of the statute of limitations was proper. (R.pp. 206-207). This Order was filed October 18, 2004, and no Rule 59(e) motion to alter or amend this judgment was filed by the Petitioner.

Petitioner then filed a Notice of Appeal with the South Carolina Supreme Court on October 24, 2004. See Respondent's Exhibit 3. Petitioner was represented in this PCR appeal by Robert M. Pachak, Assistant Appellate Defender, who raised the following issue in his writ of certiorari:

> Whether there was any evidence to support the PCR judge's finding that petitioner was entitled to a belated appeal of the denial of his prior PCR application?

See Respondent's Exhibit 4, p. 2.

---

[7]Petitioner also apparently attempted a pro se amendment of this APCR to include a claim relating to his life sentence. See Respondent's Exhibit 2. There is no indication in the record that this request was ever ruled on.

4



Petitioner's counsel also filed a Johnson[8] brief raising the following issue:

> Whether there was any evidence to support the PCR judge's findings that petitioner's PCR application failed to comply with the statute of limitations?

See Respondent's Exhibit 5, p. 2

On October 18, 2006, the South Carolina Supreme Court issued an order granting the petition for a writ of certiorari to proceed with the belated appeal, granted counsel's motion to withdraw, and denied the petition.  See Respondent's Exhibit 7.  The Remittitur was sent down on November 3, 2006.  See Respondent's Exhibit 8.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground One**: Trial Court erred in not granting motion for directed verdict of not guilty.
>
> The evidence presented by the State did not support a conviction, even when viewed in light most favorable to the prosecution.
>
> **Ground Two:** Ineffective Assistance of Counsel for failing to conduct pretrial investigation.
>
> Counsel did not conduct a pretrial investigation which would have indicated double jeopardy violations and lack of subject matter jurisdiction.
>
> **Ground Three:** Trial Counsel was ineffective for failure to object to double jeopardy violations.
>
> Counsel failed to object to multiplicitous indictments for a single offense.
>
> **Ground Four:** Trial Court lacked subject matter jurisdiction.
>
> Indictment was defective because two charges were place under one indictment which would have affected the jury's ability to properly true bill the indictment.

---

[8] Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).



See Petition pp. 7-11.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could



have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A). Since Petitioner did not seek certiorari review of the denial of his direct appeal from the South Carolina Supreme Court, his state court convictions became final at the latest on June 11, 1999, the date that the South Carolina Court of Appeals sent the Remittitur down.[9] However, since Petitioner's first APCR was already pending when his conviction became final, the running of the statute would have been tolled until his first PCR action was withdrawn and dismissed on July 16, 1999, at which time the statutory limitations period began to run.

By the time Petitioner then filed his second APCR on August 26, 2002, over two (2) years of non-tolled time had passed from when his convictions had become final. Even assuming arguendo that the limitations period was thereafter tolled during the pendency of Petitioner's second APCR and its belated appeal (as a result of Petitioner's third PCR), it would have been tolled until

---

[9]In order to receive the benefit of the ninety (90) days allowed to seek certiorari in the United States Supreme Court, the Petitioner would have needed to first seek certiorari in the South Carolina Supreme Court, which Petitioner did not do. See Pfeil v. Everett, 9 Fed.Appx. 973, 977 (10th Cir. 2001)["Because [Petitioner] did not file a direct appeal to the [state] Supreme court, the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final."]. See e.g., Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) [where Petitioner appealed to the state Supreme Court, direct review concludes at expiration of time for seeking certiorari from United States Supreme Court]; 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort]; Rule 203(b)(2), SCACR [10 day requirement for filing of Notice of Appeal from criminal conviction].

7



no later than November 3, 2006, when the South Carolina Supreme Court denied Petitioner's appeal and the remittitur was issued. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at *1 (9th Cir. May 3, 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). After the Remittitur was sent down on Petitioner's third APCR (the belated appeal on his second PCR) on November 3, 2006, two hundred and seventeen (217) more days passed before Petitioner filed this federal habeas petition. Therefore, even assuming that Petitioner's second APCR (which arguably continued through his third PCR which granted a belated appeal of his second APCR) tolled the running of the limitations period,[10] a total of over two and half (2 ½) years of non-tolled time passed prior to Petitioner filing his federal habeas petition, a period of time well outside the federal limitations period for filing this action.

In Petitioner's memorandum in opposition to summary judgment, he argues that the ninety (90) day appeals period after his conviction became final should be counted in his tolled time. While Petitioner does not offer any legal support for this assertion; see n. 9, supra; since Petitioner's first APCR was already pending, thirty-five (35) days of this time was not even added to the non-

---

[10] A state post-conviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2), and therefore does not toll the running of the statutory limitations period. *Cf.* Pace v. DiGuglielmo, 545 U.S. 408 (2005). Petitioner's second PCR petition was dismissed on the grounds that it was untimely, except for the PCR judge's finding that Petitioner's subject matter claim had no merit.

8



tolled time period[11], and since this Petition was filed over two and half (2 ½) years beyond the statue, the remaining fifty-five (55) days would not make the Petition timely in any event.

Petitioner also argues that he is entitled to equitable tolling because he has pursued his rights diligently, and because he has been limited by the restricted days and time that he has access to the prison library as well as the policies enforced by the South Carolina Department of Corrections. However, while the Fourth Circuit Court of Appeals has held that the AEDPA statute of limitations is subject to equitable tolling, it has underscored the very limited circumstances where equitable tolling will be permitted. See Rouse v. Lee, 339 F.3d 238, 245-246 (4th Cir. 2003) (en banc); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  A habeas petition is only entitled to equitable tolling of the statute of limitations if Petitioner sets forth (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse, 339 F.3d at 246.

Bare allegations of restricted days and times that he had access to the prison library are not sufficient, standing alone, to entitle Petitioner to equitable tolling under this standard. Rather, Petitioner must present evidence regarding the steps he took to diligently pursue his remedies during the time that he was allegedly deprived of access to legal materials. See, e.g. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)["It is not enough to say that the [] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."], cert. denied, 525 U.S. 891 (1998); Cross-Bey v. Gammons, 322 F.3d 1012, 1015 (8th Cir. 2003) [rejecting equitable tolling where petitioner alleged lack of knowledge and legal resources], cert. denied, 540 U.S. 971 (2003);

---

[11]The time period from June 11, 1999 through July 16, 1999 was not included in the non-tolled time period since Petitioner's first APCR was pending during that time.

9



Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) [recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling], cert. denied, 535 U.S. 1055 (2002); see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004). Petitioner has presented no such evidence, or even made specific assertions with respect to this issue, while the record shows that not only did over two (2) years pass prior to Petitioner even pursuing his second APCR, but that he waited another two hundred and seventeen (217) days after that APCR was dismissed before filing this Petition. Petitioner is not entitled to equitable tolling under these facts.

Finally, Petitioner argues that he should be allowed to bring this action because he is "actually innocent", and that any procedural bar should therefore be excused. However, "a claim of 'actual innocence' is not itself a constitutional claim, but [is] instead a gateway through which a habeas petition must pass to have his otherwise barred constitutional claim considered on the merits." Spencer v. Murray, 5 F.3d 758, 765 (4th Cir. 1993) (citing Herrera v. Collins, 506 U.S. 390 (1993), cert. denied, 510 U.S. 1171 (1994)); Gibson v. Klinger, 232 F.3d 779, 808 (10th Cir. 2000) [Noting availability of equitable tolling of statute of limitations where prisoner is actually innocent.]; Keenan v. Bagley, 400 F.3d 417 (6th Cir. 2005); Tomlin v. Franklin, 132 Fed.Appx. 745, 746-747 (10th Cir. 2005). In order to establish 'actual innocence' sufficient to excuse a procedural default, a petitioner must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998).

Petitioner has not offered any evidence to show actual innocence in this case. Accordingly, Petitioner failed to timely file this federal petition, and he is barred from seeking federal habeas relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-



year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds on appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 29, 2008

11



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

